UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
SHAQUEENA DURDEN, ALFRED COLLINS, and
QUANTINA PEEBLES,

                Plaintiffs,                        **COMPLAINT AND JURY DEMAND**

        -against-

THE CITY OF NEW YORK, Alan Chau, Melvin
Carpio, Kenneth Triolo, Deirde Kelleher,
Miguel Van Brankle, Shaequana Galloway,
Melvin Carpio, Christina Lanier, John Nemeth,
Kyle Hosein, Ihab Ginmed, Nicholas Nelson,
Brian Holbert, P.O. Ginem,
Police Officers "JOHN DOE" #1-5,
Individually and in their Official Capacities,
(the names "John Doe" being fictitious, as
the true names are presently unknown,)

                Defendants.
-----------------------------------------------------------------------------------X

Plaintiffs, SHAQUEENA DURDEN, ALFRED COLLINS, and QUANTINA PEEBLES by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## **INTRODUCTION**

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## VENUE

3. Venue is properly laid in the Eastern District of New York under U.S.C. § 1291 (b), in that this is the District in which the claim arose.

## JURY DEMAND

4. Plaintiffs respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(B).

## PARTIES

5. Plaintiff SHAQUEENA DURDEN is an African-American female, and at all relevant times a resident of the City of New York.

6. Plaintiff ALFRED COLLINS is an African-American male, and at all relevant times a resident of the City of New York.

7. Plaintiff QUANTINA PEEBLES is an African-American female, and at all relevant times a resident of the City of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant Sergeant Alan Chau, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Chau is sued in his individual and official capacities.

10. Defendant Chau at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

11. Defendant Police Officer Melvin Carpio, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Carpio is sued in his individual and official capacities.

12. Defendant Carpio at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

13. Defendant Police Office Kenneth Triolo, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Triolo is sued in his individual and official capacities.

14. Defendant Triolo at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

15. Defendant Police Officer Deirdre Kelleher, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelleher is sued in his individual and official capacities.

16. Defendant Kelleher at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

17. Defendant P.O. Miguel Van Brankle, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Van Brankle is sued in his individual and official capacities.

18. Defendant Van Brankle at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

19. Defendant PO Shaequana Galloway, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Galloway is sued in his individual and official capacities.

20. Defendant Galloway at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

21. Defendant P.O. Melvin Carpio, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Carpio is sued in his individual and official capacities.

22. Defendant Carpio at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

23. Defendant P.O. Christina Lanier, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lanier is sued in his individual and official capacities.

24. Defendant Lanier at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

25. Defendant P.O. John Nemeth, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nemeth is sued in his individual and official capacities.

26. Defendant Nemeth at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

27. Defendant P.O. Kyle Hosein, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hosein is sued in his individual and official capacities.

28. Defendant Hosein at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

29. Defendant P.O. Ihab Ginmed, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ginmed is sued in his individual and official capacities.

30. Defendant Ginmed at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

31. Defendant Detective Nicholas Nelson, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nelson is sued in his individual and official capacities.

32. Defendant Nelson at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

33. Defendant Police Officer Brian Holbert, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Holbert is sued in his individual and official capacities.

34. Defendant Holbert at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

35. Defendant Police Officer Ginem, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ginem is sued in his individual and official capacities.

36. Defendant Ginem at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

37. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/ or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

38. That at all times hereinafter mentioned, the individually

named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

39. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/ or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

40. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

41. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTUAL ALLEGATIONS**

42. On March 24, 2018, at approximately 1 a.m., plaintiffs DURDEN, COLLINS and PEEBLES were lawfully at 243 East 51st Street, in the County of Kings, City and State of New York.

43. Defendant officers chased and assaulted plaintiffs.

44. The defendants then arrested plaintiffs and transported plaintiffs to a police precinct.

45. At no point in time was it reasonable or necessary to stop plaintiffs, arrest them, and then to use any force against the plaintiffs, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was

reasonable or necessary.

46. At no point did the defendant observe plaintiffs committing any crimes or offenses.

47. Plaintiffs were injured as a result of this police assault.

48. The defendants denied plaintiffs medical assistance for some time.

49. Plaintiffs were then transported to Central Booking where they were subsequently arraigned on various charges based on fabricated claims by one or more defendants.

50. All charges against plaintiffs were dismissed and sealed.

51. As a result of the Defendants' actions, Plaintiffs suffered physical injury, loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

52. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

53. At no point in time was it reasonable or necessary to use any force against the plaintiffs, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

54. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

55. At all relevant times herein, each of the individual

defendants participated directly in the assault on plaintiffs and the affirmative efforts to cover up that assault thereafter.

56. The defendants attempted to cover up their use of excessive force by lying about their actions even though no probable cause existed for plaintiffs' arrest.

57. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiffs, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

58. Thus, each defendant is responsible for the assault on plaintiffs and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

59. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C.§1983**

60. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

61. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

62. All of aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the of the United States of America, and in violation of 42 U.S.C. § 1983.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/ or apparent authority attendant thereto.

64. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/ authority, which is forbidden by the Constitution of the United States.

66. The acts complained of deprived plaintiffs of their rights:

      A. Not to have excessive force imposed upon them;

      B. Not to have summary punishment imposed upon them; and

      C. To receive equal protection under the law.

## SECOND CAUSE OF ACTION
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

37. As a result of the foregoing, plaintiffs sustained, *inter alia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

## THIRD CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiffs were subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely detained by the defendants, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiffs' liberty were restricted for a period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CAUSE OF ACTION

## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. Defendants searched plaintiffs m the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

32. As a result of the foregoing, plaintiffs were subjected to an illegal and improper search.

33. The foregoing unlawful search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

34. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35. Defendants misrepresented and falsified evidence before the District Attorney.

36. Defendants did not make a complete and full statement of facts to the District Attorney.

37. Defendants withheld exculpatory evidence from the District Attorney.

38. Defendants were directly and actively involved in the initiation of criminal case.

39. As a result of the foregoing, plaintiffs sustained,

*interalia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

### SIXTH CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFFS' MEDICAL NEEDS UNDER 42 U.S.C. § 1983

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Defendants knew that plaintiffs had sustained bodily injuries as a result of their unlawful use of force.

47. Notwithstanding this fact, defendants intentionally and deliberately delayed getting proper medical care and treatment for plaintiffs.

48. Defendants also greatly exacerbated plaintiffs' pain and suffering by needlessly handcuffing them.

49. As a result of the foregoing, plaintiff sustained, *inter alia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

### SEVENTH CAUSE OF ACTION
### MUNICIPAL LIABILITY

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were subjected to unlawful and excessive force resulting in emotional and physical injuries.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

58. Defendants, collectively and individually, while acting under

color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

a. Not to have excessive force imposed upon them;
b. Not to have summary punishment imposed upon them; and
c. To receive equal protection under the law.

60. As a result of the foregoing, plaintiffs sustained, *inter alia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial.

DATED: Brooklyn, New York

March 23, 2021

                                          */s/ Amy Rameau*
                                      _____
                                      The Rameau Law Firm
                                      16 Court Street, Suite 2504
                                      Brooklyn, New York 11241
                                      Phone: (718) 852-4759
                                      rameaulawny@gmail.com

                                      *Attorney for Plaintiff*

TO:        All Defendants
             Corporation Counsel of the City of New York