UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
SHAQUEENA DURDEN et al.,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK et al.,

                Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-CV-1539 (RPK) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiffs Shaqueena Durden, Alfred Collins, and Quantina Peebles ("Plaintiffs") initiated this case against Defendants The City of New York, Alan Chau, Melvin Carpio, Kenneth Triolo, Deirdre Kelleher, Miguel Van Brankle, Shaequana Galloway, Christina Lanier, John Nemeth, Kyle Hosein, Ihab Ginmed, Nicholas Nelson, Brian Holbert, P.O. Ginem, and Police Officers John Doe 1–5 ("Defendants") on March 23, 2021. (*See* Complaint, ECF No. 1.) Plaintiffs' claims, brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, allege various civil rights deprivations resulting from being assaulted and arrested by the police on or about March 24, 2018. (*Id.*) For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that Plaintiff Peebles' claims be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

                **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

    As noted above, this action was commenced on March 23, 2021. (Compl., ECF No. 1.) During the December 1, 2021 initial conference, Plaintiffs' counsel, Amy

---

[1] The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion.

Rameau, Esq., represented that she had been experiencing difficulties communicating with Plaintiff Quantina Peebles and that she intended to file a motion to withdraw as her counsel. (*See* Dec. 1, 2021 ECF Minute Entry and Order.) Based on those representations, the Court scheduled a telephonic motion hearing for January 11, 2022 (the "motion hearing"), in anticipation of counsel's motion to withdraw. (*Id.*)

On January 10, 2022, Plaintiffs' counsel filed her motion to withdraw as counsel for Plaintiff Peebles, which Defendants did not oppose. (*See* Mot. to Withdraw, ECF No. 26; Jan. 11, 2022 ECF Minute Entry and Order.) On January 11, 2022, the Court heard argument on the motion and inquired as to the parties' views on appropriate next steps in the case in light of the circumstances presented by the motion. (*See* Jan. 11, 2022 ECF Minute Entry and Order.) Also during the motion hearing, "Plaintiffs' counsel represented that she served Plaintiff Quantina Peebles with her withdrawal application, and also advised her about [the January 11] conference, at which Plaintiff Peebles did not appear." (*Id.*)

The Court granted the motion to withdraw on consent of defense counsel, finding that "Plaintiffs' counsel has 'satisfactory reasons for withdrawal,' namely, a breakdown of the attorney-client relationship and the clear indication from Plaintiff [that] she no longer wants to be represented by her current counsel." (Jan. 11, 2022 Order, ECF No. 27, at 3–4 (citing E.D.N.Y. Local Civil Rule 1.4).) In addition, "Plaintiffs' counsel, Amy Rameau, represented that she will serve Plaintiff Peebles with the Defendants' discovery requests as to her, as well as a copy of the attached Order, and the docket sheet for the case, which includes this Minute Entry and Order, within one week, or by 1/18/2022." (Jan. 11, 2022 ECF Minute Entry and Order.) The Court requested that Ms. Rameau "inform Plaintiff Peebles that if she does not locate new counsel, she must provide her address and contact information to the E.D.N.Y. *pro se*

office by letter." (Jan. 11, 2022 Order, ECF No. 27, at 4.) In addition, the Court scheduled a follow-up status conference for February 7, 2022, and directed Plaintiff "to appear on her behalf (*pro se*)" or to "have new counsel file an appearance in this case before that conference and appear on her behalf." (*Id.* at 2, 4–5.)

The Court also warned Ms. Peebles that if she failed to appear in the case *pro se* as directed, Defendants may seek dismissal of this case as to Ms. Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.* at 4 n.1.)

The Court held a status conference on February 7, 2022, at which Ms. Peebles did not appear. (*See* Feb. 7, 2022 ECF Minute Entry and Order.) At the conference, "Plaintiffs' counsel represented that she served Plaintiff Quantina Peebles with the Defendants' discovery requests as to her, a copy of the Jan. 11, 2022 Minute Entry and attached Order, and the docket sheet for the case." (*Id.*) Defendants represented that they were seeking "dismissal of the case as to Plaintiff Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.*) "[Plaintiffs' counsel] took no position on Defendants' motion." (*Id.*)

On May 12, 2022, the Court issued a final order to show cause. (May 12, 2022 Final Order to Show Cause.) The Court noted that: "Plaintiff Peebles has been warned that if she failed to appear in the case *pro se* as directed, Defendants may seek dismissal of this case as to Plaintiff Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* (citing Jan. 11, 2022 Order, ECF No. 27, at 4 n.1).) The Court also noted that: "During the February 7, 2022 status conference, Defendants sought dismissal of the case as to Plaintiff Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* (citing Feb. 7, 2022 ECF Minute Entry and Order).) The Court warned Ms. Peebles that unless she appeared *pro se* or had new counsel file an appearance by June 2, 2022, the Court would recommend that "**Ms. Peebles' claims be**

3

**dismissed without prejudice for failure to prosecute**." (*Id.* (emphasis in original).) The Court directed Plaintiffs' counsel to serve the docket sheet for the case, including the final order to show cause, on Plaintiff Peebles, and to file proof of service on the docket by May 23, 2022. (*Id.*) The Court asked Plaintiffs' counsel to communicate to Ms. Peebles that "**this is her last chance to appear in this case at risk of dismissal of her claims**." (*Id.* (emphasis in original).)

On June 7, 2022, the court issued an order noting that: "Plaintiffs' counsel ha[d] not filed proof of service of the docket or the Final Order to Show Cause on Plaintiff Peebles." (June 7, 2022 ECF Order.) Accordingly, the Court directed Plaintiffs' counsel to do so by June 14, 2022. (*Id.*) On June 15, 2022, Plaintiffs' counsel filed a letter noting that her "office made four (4) attempts to serve Ms. Peebles with the Court's May 12, 2022 Order to no avail." (June 15, 2022 Pls.' Counsel Letter, ECF No. 32.) Plaintiffs' counsel also represented that she "called Ms. Peebles several times in an attempt to discuss this matter with her to no avail." (*Id.*) Plaintiffs' counsel represented that she had finally reached Ms. Peebles on June 14, 2022, and Ms. Peebles informed her "that she had been away for several weeks and would now like an opportunity to appear in the case." (*Id.*) Ms. Peebles asked for an additional two weeks to either obtain counsel or proceed *pro se* and Plaintiffs' counsel indicated that she had no objection to her request. (*Id.*)

On June 16, 2022, the Court issued an order directing Plaintiff Peebles "to have new counsel enter a notice of appearance" or to appear *pro se* by July 15, 2022, in light of her representation that she would like an opportunity to appear in the case. (June 16, 2022 ECF Order.) The Court further warned Plaintiff Peebles that: "Unless Plaintiff Peebles appears *pro se* or has new counsel file an appearance by 6/30/2022, this Court will recommend that **Ms. Peebles' claims be dismissed without prejudice for failure**

**to prosecute**." (*Id.* (emphasis in original).) The Court also directed Plaintiffs' counsel "to serve the docket sheet for this case on Plaintiff Peebles by 6/23/2022, and to file proof of service on the docket by 6/30/2022." (*Id.*) In accordance with the Court's order, Plaintiffs' counsel filed a letter on June 30, 2022, confirming service of the June 16, 2022 Order on Plaintiff Peebles on June 21, 2022, at her home. (June 30, 2022 Pls.' Counsel Letter, ECF No. 33.)

Plaintiff Peebles did not locate new counsel or file an appearance *pro se* by July 15, 2022, and still has not.

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "'an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "harsh remedy" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining whether to dismiss for failure to prosecute. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff Peebles' claims against Defendants. First, the Court notes that Plaintiffs' counsel has represented since December 1, 2021, that she has had difficulties communicating with Plaintiff Peebles, leading to counsel's filing a motion to withdraw on January 10, 2022. (Dec. 1, 2021 ECF Minute Entry and Order; Mot. to Withdraw, ECF No. 26.) As set forth above, Plaintiff Peebles did not appear at the February 7, 2022

6

status conference concerning counsel's withdrawal application. (*See* Jan. 11, 2022 ECF Minute Entry and Order; Feb. 7, 2022 ECF Minute Entry and Order.)

Second, the Court is satisfied that Plaintiff Peebles has received proper notice about the possibility of dismissal, and that further attempts to warn her would be futile. (*See, e.g.*, Jan. 11, 2022 Order, ECF No. 27, at 4 n.1.) *See also Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013). As discussed above, during the February 7, 2022 status conference, Defendants represented that they were seeking "dismissal of the case as to Plaintiff Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (Feb. 7, 2022 ECF Minute Entry and Order.) On May 12, 2022, the Court issued a final order to show cause. (May 12, 2022 Final Order to Show Cause.) The Court noted that: "Plaintiff Peebles has been warned that if she failed to appear in the case *pro se* as directed, Defendants may seek dismissal of this case as to Plaintiff Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* (citing Jan. 11, 2022 Order, ECF No. 27, at 4 n.1).) The Court also noted that: "During the February 7, 2022 status conference, Defendants sought dismissal of the case as to Plaintiff Peebles for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* (citing Feb. 7, 2022 ECF Minute Entry and Order).) The Court warned Ms. Peebles that unless she appeared *pro se* or had new counsel file an appearance by June 2, 2022, the Court would recommend that "**Ms. Peebles' claims be dismissed without prejudice for failure to prosecute**." (*Id.* (emphasis in original).) The Court also asked Plaintiffs' counsel to communicate to Ms. Peebles that "**this is her last chance to appear in this case at risk of dismissal of her claims**." (*Id.* (emphasis in original).)

On June 16, 2022, the Court issued yet another order directing Plaintiff Peebles "to have new counsel enter a notice of appearance" or to appear *pro se* by July 15, 2022, in light of her representation through her former counsel that she would like an

7

opportunity to appear in the case. (June 16, 2022 ECF Order.) The Court warned Plaintiff Peebles that: "Unless Plaintiff Peebles appears *pro se* or has new counsel file an appearance by 6/30/2022, this Court will recommend that **Ms. Peebles' claims be dismissed without prejudice for failure to prosecute**." (*Id.* (emphasis in original).)

Plaintiff Peebles has not contacted the Court, did not locate new counsel or file an appearance *pro se* by July 15, 2022, and still has not. In addition, the Court finds that Defendants would be prejudiced by further delay in this litigation given that fact discovery is scheduled to close on September 19, 2022, and that Plaintiffs' counsel first noted her difficulties communicating with Ms. Peebles during the December 1, 2021 initial conference, more than nine months prior to the scheduled close of fact discovery. (*See* July 26, 2022 ECF Order; Dec. 1, 2021 ECF Minute Entry and Order.)

Apart from Plaintiff Peebles' absence, the notice she received regarding the consequences of her absence, and the prejudice Defendants would face if the case is further delayed by Ms. Peebles' absence, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. Other than her comment to counsel about asking for two weeks to obtain counsel or proceed *pro se*, Plaintiff Peebles has shown no "interest in prosecuting this case." *Caussade*, 293 F.R.D. at 631. (*See* June 15, 2022 Pls.' Counsel Letter, ECF No. 32.) Accordingly, the Court finds that dismissal is the only "efficacious option" and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiff Peebles' claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to her failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal as to the action for a plaintiff's failure to prosecute).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
August 9, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE